IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  03-cr-40024-003 JPG |
| ) | |
| JAMES D. SUGGS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant James Suggs' *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 362).  The Court appointed counsel for Suggs, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 364).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The government has responded to the motions (Doc. 366).  Suggs failed to respond to counsel's motion although he was given an opportunity to do so.

Suggs pled guilty to one count of conspiring to distribute more than 50 grams of crack cocaine and two counts of possessing with intent to distribute more than 5 grams but less than 50 grams of crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Suggs' relevant conduct was at least 500 grams but less than 1.5 kilograms of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 36.  His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility.  The Court further found that Suggs was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2002 United States Sentencing Guidelines Manual.

convictions, which raised his base offense level to 37, again reduced by 3 to 34 for acceptance of responsibility.  Considering Suggs' criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison.  At sentencing, the government moved for a downward departure to offense level 31 for Suggs' substantial assistance to the government pursuant to U.S.S.G. § 5K1.1.  The Court imposed a sentence of 192 months for each count, less than the statutory maximum sentences established by Suggs' convictions.  *See* 21 U.S.C. § 841(b)(1)(A) & (B).  Suggs now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Suggs cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Suggs, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Suggs cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 364) and **DISMISSES** Suggs' motion for a sentence reduction (Doc. 362) for **lack of jurisdiction**.

The Clerk's Office is **DIRECTED** to mail a copy of this order to defendant James D. Suggs, Reg. No. 23584-044, FCI Yazoo City, P.O. Box 5000, Yazoo City, MS 39194.

**IT IS SO ORDERED.**
**DATED:  January 12, 2010.**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**